1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW S. KINDLE,<br><br>                    Plaintiff,<br><br>         v.<br><br>L.A.P.D. NEWTON DIVISION,<br><br>                    Defendant. | Case No. 2:21-cv-06252-RGK-SHK<br><br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On August 3, 2021, Plaintiff Andrew Kindle ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), filed a complaint ("Complaint" or "Compl.") against L.A.P.D. Newton Division ("LAPD" or "Defendant") alleging violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights and Title VI of the Civil Rights Act of 1964.  Electronic Case Filing Number ("ECF No.") 1, Compl.

For the reasons discussed below, the Court **DISMISSES** the Complaint, without prejudice, and **GRANTS** Plaintiff leave to amend in accordance with the instructions in Section IV of this Order.

/ / /

/ / /

/ / /

# I.    BACKGROUND

## A.    <u>Procedural History</u>

On August 3, 2021, Plaintiff filed his Complaint against Defendant alleging violations of his constitutional rights and seeking compensatory and punitive damages, all arising from a allegedly improper stop and frisk, detention, and harm to Plaintiff by several LAPD police officers as well as another LAPD individual who refused to take a complaint regarding the matter.  <u>Id.</u> at 4-6.  Simultaneously, Plaintiff requested to proceed IFP ("IFP Request"), ECF No. 2, IFP Request, which the Court granted, ECF No. 4, Order Granting IFP Request.

## B.    <u>Summary Of The Complaint</u>

### 1.    **Factual Allegations**

In his Complaint, Plaintiff alleges the following facts:

On June 25, 2021, Plaintiff was walking along a street when he was stopped by "[O]fficers Vejar and Ponce of the L.A.P.D. Newton Division" ("Officer Vejar" and "Officer Ponce," respectively) after the officers "observed [Plaintiff,]" they turned their vehicle around and "[s]top[ped] and [f]risk[ed]" Plaintiff.  ECF No. 1, Compl. at 4.  Specifically, after Officer Vejar and Officer Ponce exited their vehicle, Plaintiff alleges that "one officer uttered 'get that nigger' and when [Plaintiff] asked them for an 'articulable reason for the stop[,]' the officers refused to give one [and] became hostile[.]"  <u>Id.</u>  Plaintiff alleges that the officers "forcefully[] searched[,] seized and detained" Plaintiff.  <u>Id.</u>

While Plaintiff was detained, Plaintiff "asked for a 'watch commander' and asserted that he was being 'racially profiled' 'stopped and frisked' and that his '[F]ourth [A]mendment' was being violated."  <u>Id.</u>  Plaintiff also alleges that Officer Ponce "began to brutalize [Plaintiff] using excessive force ramming [Plaintiff's] face first into the wall[.]"  <u>Id.</u>  Plaintiff claims that both Officer Vejar and Officer Ponce "used force jamming knees[,] elbows[,] and limbs into [Plaintiff's] back

1   causing physical pain and injury[.]" Id.  During his detention, Plaintiff also claims

2   that "onlookers began recording video footage[.]" Id.

3          Upon Plaintiff's request for a "watch commander," Plaintiff states that a

4   Sergeant Burke of LAPD ("Sergeant Burke") arrived and "the situation changed

5   from brute force to coercive tactics." Id.  Plaintiff "confronted" Sergeant Burke,

6   claiming that he was being unconstitutionally stopped and frisked, but Sergeant

7   Burke "told [Plaintiff] that if [Plaintiff] wanted to keep from having his car

8   impounded or not receive a citation[,] [then] [Plaintiff] would not be able to file a

9   complaint with the L.A.P.D. Newton Division about this illegal stop and frisk,

10  brutality, excessive force, racial profiling[,] and falsifying statements." Id.  Plaintiff

11  subsequently refused to speak.  Id.

12         Plaintiff was then let go without being arrested or "the reasonable explanation

13  of his detention[.]" Id. (spelling normalized).  After a couple days, Plaintiff decided

14  to seek recourse and lodged a complaint with Defendant.  Id.  A Sergeant "Zarate

15  informed [Plaintiff] that a complaint surrounding the events of 06/25 had already

16  been filed on his behalf." Id.  However, Plaintiff states that he did not "authorize"

17  the complaint to be filed on his behalf and told Sergeant Zarate so.  Id.  Sergeant

18  Zarate then "insisted that no report needed to be taken regarding the incident or the

19  officers involved." Id.  After some back and forth, Plaintiff told Sergeant Zarate

20  that "[Plaintiff] would record the audio of this conversation if [Sergeant Zarate]

21  refused to take an official account of the events on 06/25." Id.  Thereafter, Sergeant

22  Zarate agreed to take a statement and told Plaintiff that they could meet and

23  officially file a complaint.  Id.  Plaintiff alleges that Sergeant Zarate "never followed

24  through to take the complaint and [Plaintiff] had to reach out to the OIG of LA to

25  file a formal complaint of this event." Id.

26              **2.    Claims**

27         Although Plaintiff does not explicitly state so in his Complaint, Plaintiff

28  appears to be bringing his claims under 42 U.S.C. § 1983 ("§ 1983").  Specifically,

1  Plaintiff alleges that the stop and frisk on June 25, 2021 was an unconstitutional
2  "pattern of racial profiling, stop and frisk, unlawful detention, excessive force, and
3  false statements to create an implausible cause for detention." <u>Id.</u> at 5 (internal
4  quotations omitted).  Plaintiff claims that this incident violated his Fourth
5  Amendment, Fifth Amendment, and Fourteenth Amendment rights.  <u>Id.</u> at 3.
6  Plaintiff also claims that his rights under Title VI of the Civil Rights Act of 1964
7  were violated.  <u>Id.</u>

8  ### 3.     Relief Sought

9  Plaintiff seeks a total of $1,000,000,000 in damages.  <u>Id.</u> at 5, 6.  Specifically,
10 Plaintiff seeks $250,000,000 for his claim of illegal racial profiling, $250,000,000
11 for his claim of illegal stop and frisking, $250,000,000 for his claim of illegal
12 unlawful detention and excessive force, and $250,000,000 for punitive damages.  <u>Id.</u>

13 ## II.     STANDARD OF REVIEW

14 As Plaintiff is proceeding IFP, the Court must screen the Complaint and
15 dismiss the case if it concludes the action is frivolous or malicious, fails to state a
16 claim on which relief may be granted, or seeks monetary relief against a defendant
17 who is immune from such relief.  28 U.S.C. § 1915(e)(2).

18 Under Federal Rules of Civil Procedure ("Rule") 8(a), a complaint must
19 contain a "short and plain statement of the claim showing that the pleader is entitled
20 to relief." Fed. R. Civ. P. 8(a)(2).  In determining whether a complaint fails to state
21 a claim for screening purposes, the Court applies the same pleading standard as it
22 would when evaluating a motion to dismiss under Rule 12(b)(6).  <u>Watison v. Carter</u>,
23 668 F.3d 1108, 1112 (9th Cir. 2012).

24 Under Rule 12(b)(6), a complaint may be dismissed for failure to allege
25 "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp.</u>
26 <u>v. Twombly</u>, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the
27 plaintiff pleads factual content that allows the court to draw the reasonable inference
28 that the defendant is liable for the misconduct alleged.  The plausibility standard is

4

1    not akin to a 'probability requirement,' but it asks for more than a sheer possibility

2    that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

3    (internal citations omitted).  This does not require a pleading to include detailed

4    factual allegations and a "'claim has facial plausibility when the plaintiff pleads

5    factual content that allows the court to draw the reasonable inference that the

6    defendant is liable for the misconduct alleged.'" Cook v. Brewer, 637 F.3d 1002,

7    1004 (9th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).  However, the complaint

8    "must contain sufficient allegations of underlying facts to give fair notice and to

9    enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d

10   1202, 1216 (9th Cir. 2011).

11          To the extent a factual allegation meets this standard, a court must accept the

12   allegation as true at the pleading stage.  Hamilton v. Brown, 630 F.3d 889, 892-93

13   (9th Cir. 2011); see also Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d

14   1025, 1031 (9th Cir. 2008) (finding that courts must "accept factual allegations in

15   the complaint as true and construe the pleadings in the light most favorable to the

16   nonmoving party.") (citation omitted).  Factual allegations "that are merely

17   conclusory, unwarranted deductions of fact, or unreasonable inferences" do not meet

18   the standard of facial plausibility and will not be accepted as true.  In re Gilead Scis.

19   Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation

20   marks omitted).  The Court must also consider Plaintiff's position as a pro se litigant

21   at the pleading stage and construe the pleading liberally.  See Byrd v. Phoenix

22   Police Dep't, 885 F.3d 639, 642 (9th Cir. 2018) (finding that pro se litigant's

23   allegations were sufficient where his "use of a colloquial, shorthand phrase ma[d]e[]

24   plain that Byrd [wa]s alleging that the officers' use of force was unreasonably

25   excessive" and was "reinforced by his allegations about the resulting injuries"); see

26   also Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) ("This rule relieves

27   pro se litigants from the strict application of procedural rules and demands that

28   courts not hold missing or inaccurate legal terminology or muddled draftsmanship

5

against them.").  This means that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Estelle v. Gamble, 429 U.S. 97, 106 (1976); see Fed. R. Civ. P.  8(e) ("[p]leadings must be construed so as to do justice").

If the Court finds the Complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it appears possible for a plaintiff to correct the defects in the complaint, especially if the plaintiff is pro se.  Id. at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, a court may dismiss without leave to amend.  Cato, 70 F.3d at 1107-11; see also Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002) (upholding dismissal without leave to amend where additional facts would not establish elements of claim).

## III.   DISCUSSION

At this point, after construing Plaintiff's claims broadly and liberally as the Court must at this stage of the litigation, Plaintiff's claims are not sufficiently pleaded to proceed.  The Court discusses the insufficiency of Plaintiff's claims below.

### A.   The Complaint Violates Rule 10.

Rule 10(a) requires that plaintiffs include the names of all parties in the caption of the complaint.  Fed. R. Civ. P.10(a).  The Court cannot order service of the Complaint without this information.  Soto v. Bd. of Prison Term, No. CIV S-06-2502 RRB DAD P, 2007 WL 2947573, at *2 (E.D. Cal. Oct. 9, 2007).  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted).

Here, in the body of Plaintiff's Complaint, Plaintiff makes several allegations against Officer Vejar, Officer Ponce, Sergeant Burke, and Sergeant Zarate ("Individuals"), but Plaintiff does not name any of those Individuals as a defendant in the caption of his Complaint.  See ECF No. 1, Compl. at 1, 2, 4.  Without naming the individuals who Plaintiff alleges violated his constitutional rights, the Court cannot serve those individuals and thus, Plaintiff's Complaint violates Rule 10(a) and is subject to dismissal.  See Martinez v. Davey, No. 16-cv-1658-AWI-MJS (PC), 2018 WL 898153, at *5 (E.D. Cal. Feb. 15, 2018) (dismissing, among other reasons, because "Plaintiff makes allegations against numerous non-party individuals not named in the caption of the complaint" in violation of Rule 10(a)). However, the Court will grant Plaintiff leave to amend his Complaint in order to comply with Rule 10(a).

**B.**     **Plaintiff Fails To State A Monell Claim.**

To the extent Plaintiff intended to bring a claim against LAPD, Plaintiff's claim against LAPD still fails.

Local government entities such as counties can be sued directly under § 1983 for monetary or equitable relief where it is alleged that the entity's official or unofficial policy, custom, usage, or practice that is the "moving force [behind] the constitutional violation."  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690, 694 (1978).  A plaintiff can establish this "municipal liability" by:

(1)     alleging that an officer "committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity";

(2)     establishing that the officer who committed the constitutional tort "was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy";

(3)   proving that an official "with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it."

Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).  A complaint that simply recites the elements of a Monell claim is insufficient to put a municipality on fair notice of the claims against it.  White v. City of Vacaville, No. 2:12-CV-00515-GEB, 2012 WL 1455221, at *4-*6 (E.D. Cal. Apr. 26, 2012).

To state viable claims for municipal liability, Plaintiff must plead "(1) that the plaintiff possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."  Dougherty v. City of Covina, 654 F.3d 892, 900 (2011) (internal quotation marks and citations omitted).  "At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged."  City of Okla. City v. Tuttle, 471 U.S. 808, 823 (1985).

Here, LAPD is a governmental entity and is a named defendant.  However, Plaintiff's Complaint fails to state a Monell claim because Plaintiff merely names LAPD as a defendant but does not state any allegations regarding a policy, practice, or custom used by LAPD, let alone establishing that the LAPD's policy resulted in Plaintiff's constitutional violations.  Accordingly, Plaintiff's Monell claim against LAPD are insufficiently plead and subject to dismissal.

To the extent Plaintiff instead intended to bring claims against Officer Vejar, Officer Ponce, Sergeant Burke, and Sergeant Zarate in their official capacities, Plaintiff's claims still fail.  While suits against government officials under § 1983 in their individual capacities "seek to impose personal liability upon a government official for actions he takes under color of state law[,]" an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).  Such a suit "is not a suit against the

8

official personally, for the real party in interest is the entity." Id. at 166.  Because

no respondeat superior liability, which means that the entity is responsible for the

alleged bad acts of its employee, exists under § 1983, a municipality is liable only

for injuries that arise from an official policy or longstanding custom.  Monell, 436

U.S. at 694.  Because Plaintiff has not stated a Monell claim against LAPD, as

discussed above, any official-capacity claims Plaintiff may have intended to state in

his Complaint also fail.

Accordingly, Plaintiff's Monell claim and any official-capacity claims fail,

but the Court will permit Plaintiff an opportunity to amend his Complaint.

## C.   **Plaintiff Fails To State A Claim Under Title VI Of The Civil Rights Act.**

Title VI of the Civil Rights Act ("Title VI") states that "[n]o person in the

United States shall, on the ground of race, color, or national origin, be excluded

from participation in, be denied the benefits of, or be subjected to discrimination

under any program or activity receiving Federal financial assistance."  42 U.S.C.A.

§ 2000d.  To the extent Plaintiff is stating a claim under Title VI, Plaintiff's claim

fails because Plaintiff has not alleged that he was discriminated under any program

or activity receiving Federal financial assistance; rather, the crux of Plaintiff's

claims arises from an alleged discrimination by local law enforcement.  See ECF

No. 1, Compl. at 4-5.  Accordingly, Plaintiff has failed to state a claim under Title

VI but the Court will grant Plaintiff leave to amend his Title VI claim.

## IV.   CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's Complaint is dismissed,

without prejudice, and with leave to amend.  If Plaintiff would like to continue to

prosecute this cause of action, Plaintiff may file a First Amended Complaint

("**FAC**") within **twenty-one days** of the service date of this Order.

On the first page, Plaintiff should clearly designate on the face of the

document that it is the "First Amended Complaint," include the docket number

assigned to this case, and write the amended pleading on this Court's **CV-066 form**, which the Clerk of Court is directed to mail to Plaintiff along with this Order and which the Court encourages Plaintiff to use.

Plaintiff should clearly designate, on the first page of the FAC, include the docket number assigned to this case, and write the amended pleading on this Court's **CV-066 form**, which the Clerk of Court is directed to mail to Plaintiff along with this Order.  **In the body of the FAC, Plaintiff must include all claims that Plaintiff would like to pursue, even if Plaintiff previously stated them in the original Complaint.**   If there are claims which the Court did not find deficient, Plaintiff **must still re-plead that claim in the FAC in its entirety** if Plaintiff seeks to continue litigating the claim.  If Plaintiff does not raise a claim in the FAC, the Court will consider it waived.  Plaintiff cannot refer to the original Complaint or any other pleading, attachment, or document to state a claim in the FAC.  Plaintiff cannot include in the caption or body of the FAC any new defendants or new allegations that are not reasonably related to the claims asserted in the original Complaint.

**Plaintiff is cautioned that if Plaintiff does not comply with the instructions enumerated above, the Court may recommend that this action be dismissed with or without prejudice for failure to state a claim, failure to prosecute, and/or failure to obey Court orders under Federal Rule of Civil Procedure 41(b).**  Dismissal "with prejudice" means that Plaintiff will not be able to bring this action in federal court again, while "without prejudice" means Plaintiff can re-file this action in this Court.  If Plaintiff believes more time is necessary to file a FAC, Plaintiff may request an extension of time from the Court before the twenty-one-day period mentioned above expires.  However, the Court will only grant an extension if Plaintiff demonstrates good cause for needing more time (for example, if Plaintiff has requested police reports to determine Defendants' names but will not receive them in time to file an amended complaint).

1    Plaintiff is advised that the Court's determination herein that the allegations in

2    the Complaint are insufficient to state a particular claim should not be seen as

3    dispositive of that claim.  Accordingly, while the Court believes Plaintiff has failed

4    to plead sufficient factual matter in the pleading, accepted as true, to state a claim to

5    relief that is viable on its face, Plaintiff is not required to omit any claim in order to

6    pursue this action.  However, if Plaintiff asserts a claim in his FAC that has been

7    found to be deficient without addressing the claim's deficiencies, then the Court,

8    pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned

9    district judge a recommendation that such claim be dismissed with prejudice for

10   failure to state a claim, subject to Plaintiff's right at that time to file Objections with

11   the district judge as provided in the Local Rules Governing Duties of Magistrate

12   Judges.

13       Finally, Plaintiff may voluntarily dismiss the action without prejudice,

14   pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk of Court is directed to

15   mail Plaintiff a blank Notice of Dismissal Form.

16

17   Dated:  August 13, 2021

18   _____

19   HONORABLE SHASHI H. KEWALRAMANI
     United States Magistrate Judge

20

21

22

23

24

25

26

27

28