UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW S. KINDLE,<br><br>　　　　　　Plaintiff,<br>　　　v.<br>L.A.P.D. NEWTON DIVISION,<br><br>　　　　　　Defendant. | Case No. 2:21-cv-06252-RGK-SHK<br><br>**ORDER DISMISSING CASE** |

　　　For the following reasons, this case is **DISMISSED** without prejudice.

### I.　　BACKGROUND

　　　On August 3, 2021, Plaintiff Andrew Kindle ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), filed a complaint ("Complaint" or "Compl.") against L.A.P.D. Newton Division ("LAPD" or "Defendant") alleging violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights and Title VI of the Civil Rights Act of 1964.  Electronic Case Filing Number ("ECF No.") 1, Compl.  On August 13, 2021, the Court issued an Order Dismissing the Complaint with Leave to Amend ("ODLA").  ECF No. 6, ODLA.  In the ODLA, Plaintiff was ordered to file a First Amended Complaint ("FAC") by September 3, 2021 if Plaintiff wished to continue pursuing his claims.  Id. at 9.

Plaintiff failed to timely file a FAC as ordered in the ODLA. On September 15, 2021, Plaintiff was ordered to show cause ("OSC"), by September 29, 2021, why the case should not be dismissed for failure to prosecute and follow Court orders. ECF No. 7, OSC. Plaintiff was warned in the OSC that the Court "**will deem**" failure to timely respond to the OSC as "a further violation of a Court order justifying dismissal, and [will] also deem such a failure as further evidence of a lack of prosecution on Plaintiff's part." Id. at 1 (emphasis in original). As of the date of this Order, Plaintiff has failed to file a FAC, respond to the Court's OSC, or otherwise participate in this litigation.

## II. LEGAL STANDARD

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out five factors similar to those in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v.

City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)).  In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus.  Hernandez, 138 F.3d at 399.

### III.   DISCUSSION

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.  Despite being warned that failure to respond to the OSC **will** be deemed further evidence of a lack of prosecution and a further violation of a Court order justifying dismissal, Plaintiff has failed to do so.  Plaintiff's failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendant—also weighs in favor of dismissal.  A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecuting an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted).  Nothing suggests such a presumption is unwarranted in this case, considering that Plaintiff has failed to comply with the Court's OSC and Plaintiff has not offered any excuse for his failure to comply with the OSC and respond in a timely manner.  Thus, this "prejudice" element thus favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  Under these circumstances,

though this policy favors Plaintiff, it does not outweigh Plaintiff's repeated failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Despite the Court's attempt to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents and failing to otherwise cooperate in prosecuting this action. The Court is not aware of any lesser sanction that is available in this case. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, the Court finds that dismissal of this action, without prejudice, is appropriate here.

## IV.   CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that the case is **DISMISSED** without prejudice.

Dated:  November 19, 2021

HONORABLE R. GARY KLAUSNER
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge